# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONYA AND WILLIAM FERGUSON, ) | CIVIL ACTION |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | NO. 2:16-cv-3670 |
| ) | |
| COUCH, CONVILLE & BLITT, LLC ) | |
| and REGIONS BANK, ) | |
|     Defendants. ) | JUDGE: |
| ) | |
| ) | MAGISTRATE JUDGE: |
| ) | |

## COMPLAINT OF TONYA AND WILLIAM FERGUSON

### PARTIES

1. Plaintiffs, Tonya and William Ferguson (the "Fergusons") are individuals residing in Laplace, Louisiana, and are persons as defined by 47 U.S.C. § 153 and La. R.S. § 51:1402, as well as consumers as defined by 15 U.S.C. § 1692a.

2. Couch, Conville, & Blitt, LLC ("CCB") is a debt collector as defined by 15 U.S.C. § 1692a because it regularly uses instrumentalities of interstate commerce in attempts to collect alleged debts due to others, including Regions Bank ("Regions").

3. CCB is a Louisiana limited liability company domiciled in the Parish of Orleans, state of Louisiana, doing business in Louisiana.

4. Regions is an Alabama corporation doing business in Louisiana.

### JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k, 15 U.S.C. § 1693(m), and 47 U.S.C. § 227.

6. Jurisdiction of this court arises pursuant to 47 U.S.C. § 227 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over any state claims contained within.

7. Venue and personal jurisdiction in this District are proper because defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## FACTUAL ALLEGATIONS

8. Regions asserts the Fergusons' owe a debt.

9. The alleged debt, upon information and belief, was purportedly incurred primarily for personal, family, or household purposes and thus is subject to the Fair Debt Collections Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

10. The Fergusons do not owe the alleged debt.

11. The Fergusons took out a Home Equity Line of Credit ("HELOC") with a predecessor of Regions.

12. Regions or the predecessor improperly charged The Ferguson's HELOC for a loan the Fergusons never requested or received (the "Improper Loan").

13. The Fergusons made payments pursuant to a loan they did request and receive.

14. Regions or its predecessor misapplied these payments to the Improper Loan.

15. The Fergusons demanded return of the funds taken in satisfaction of the Improper Loan, however, Regions refused to return the funds.

16. Regions engaged CCB to collect the Improper Loan on its behalf.

17. Regions is vicariously liable for all actions of CCB.

18. The Fergusons do not owe any debt to Regions or to CCB.

19. CCB placed phone calls to the Ferguson's home telephone number.

20. CCB placed phone calls to the Ferguson's cellular telephone numbers.

21. CCB placed repeated and harassing phone calls to the Fergusons.

22. CCB placed phone calls to third parties regarding the Ferguson's alleged debt without stating that the purpose of the call was for location information.

23. CCB continued to call the Fergusons after being instructed to cease calling.

24. CCB continued to call third parties regarding the Fergusons' debt after being instructed to cease calling.

25. CCB left voice messages that disclosed the debt to third parties, including the Fergusons' children.

26. CCB placed calls to the Fergusons' home telephone via an automatic telephone dialing system using prerecorded voice messages.

27. Upon information and belief, CCB placed calls to the Fergusons' cell telephone via an automatic telephone dialing system using an artificial voice.

28. The Fergusons never consented to receive any calls from Regions or CCB expressly or through providing their telephone number to either entity.

29. CCB placed over 100 calls to the Fergusons.

30. CCB placed calls to the Fergusons within 1 year of the filing of this Complaint.

31. These calls were not placed for emergency purposes.

32. CCB never sent the Fergusons written notice of their rights under 15 U.S.C. § 1692g.

33. CCB sent collection letters to Mr. Ferguson threatening that he would be sued for the alleged debt if payment was not made.

34. CCB sent collection letters to Mr. Ferguson stating that he had been sued for the alleged debt.

35. CCB never sued Mr. Ferguson for the alleged debt.

36. CCB filed a collection lawsuit on behalf of Regions against Mrs. Ferguson in the improper venue of Jefferson Parish.

37. CCB then improperly transferred the collection suit to Saint John the Baptist Parish without notice to Mrs. Ferguson.

38. During the majority of the harassing collection calls and improper collection suit, Mr. Ferguson was not living at home with Mrs. Ferguson.

39. CCB and Regions acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

40. Regions is liable for the actions of its predecessor as it expressly or impliedly assumed its predecessor's liabilities.

## DAMAGES

41. The Fergusons suffered severe mental and emotional distress due to the actions of CCB in collection of the alleged debt to Regions.

42. Mrs. Ferguson incurred substantial medical costs due to hospitalization from stress that occurred as a direct result of the acts of CCB.

43. Mrs. Ferguson suffered from internal bleeding due to her stress regarding the alleged debt.

44. Mrs. Ferguson suffered from emotional outbreaks and insomnia as a result of her stress regarding the alleged debt.

45. The Fergusons have been forced to hire an attorney and expend monies in the defense of the improper suit against Mrs. Ferguson.

## VIOLATIONS OF THE FDCPA

46. The preceding paragraphs are incorporated as if fully stated herein.

47. CCB and Regions ("Defendants") are liable under 15 U.S.C. § 1692b for placing collection calls to third parties without using the required language of the FDCPA.

48. Defendants are liable under 15 U.S.C. § 1692c for communicating with Mrs. Ferguson when such calls were known to be inconvenient for her.

49. Defendants are liable under 15 U.S.C. § 1692d for placing repeated harassing calls to Mrs. Ferguson and using harassing language and tactics.

50. Defendants are liable under 15 U.S.C. § 1692e for making false and misleading representations regarding the amount of the alleged debt, the legal status of the alleged debt, threatening action not intended to be taken, and making false representations regarding the alleged debt.

51. Defendants are liable under 15 U.S.C. § 1692f for attempting to collect amounts not authorized by contract or law and using generally unfair and unconscionable debt collection methods.

52. Defendants are liable under 15 U.S.C. § 1692g for failing to send the Fergusons a written notice containing the language required by section 1692g.

53. Defendants are liable under 15 U.S.C. § 1692i for filing suit against Mrs. Ferguson in a judicial district other than where she signed the contract sued upon or resided.

## VIOLATIONS OF THE TCPA

54. The preceding paragraphs are incorporated as if fully stated herein.

55. Defendants are liable under 47 U.S.C. 227(b)(1) for automatic telephone dialing system and prerecorded calls to the Fergusons' cellular phones placed without consent and not for emergency purposes.

56. Defendants are liable under 47 U.S.C. 227(b)(2) for prerecorded and artificial voice calls to the Fergusons' residential phone placed without consent and not for emergency purposes.

57. These calls were made knowingly and willfully because defendants had no basis to believe they had express consent to place the above calls.

## VIOLATIONS OF LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

58. The preceding paragraphs are incorporated as if fully stated herein.

59. The Defendants' actions stated herein were unfair and deceptive under La. R.S. § 51:1405.

## CONVERSION

60. The preceding paragraphs are incorporated as if fully stated herein.

61. Regions intentionally and wrongfully exercised permanent dominion over property of the Fergusons.

62. Regions wrongfully refused to surrender the Ferguson's property to them upon demand.

63. Regions is liable to the Fergusons for conversion of funds.

## DEMAND FOR JURY TRIAL

64. The Fergusons hereby demand a trial by jury.

## PRAYER FOR RELIEF

The Fergusons respectfully request that judgment be entered in the Fergusons' favor and against Defendants, including the following relief:

1. An injunction requiring defendants to cease all collection efforts against the Fergusons for the alleged debt.

2. Statutory damages under the FDCPA of $1,000.

3. Statutory damages of $1,500 per call for Defendants' willful violations of the TCPA.

4. Statutory damages of $500 per call for Defendants' negligent violations of the TCPA.

5. All actual damages suffered by the Fergusons pursuant to 15 U.S.C. § 1692k and La. R.S. § 51:1409.

6. Trebled damages suffered by the Fergusons for Defendants' knowing use of deceptive acts or practices pursuant to La. R.S. § 51:1409.

7. All costs and attorney's fees incurred by the Fergusons pursuant to 15 U.S.C. § 1692k and La. R.S. § 51:1409.

8. Any other relief that this Court deems appropriate.

Dated: April 25, 2016            Respectfully submitted,

                                     */s/ Samuel J. Ford*
                                     Samuel J. Ford, Esq. (#36081)
                                     Varadi, Hair & Checki, LLC
                                     650 Poydras St., Ste. 1550
                                     New Orleans, LA 70130
                                     ford@vhclaw.com
                                     Phone: (504) 684-5200
                                     Fax: (504) 613-6351
                                     Attorney for Plaintiffs